UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EARL MICHAEL BARNES AND TARRA BARNES                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:08cv461-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY                                    DEFENDANTS
AND DREUX A. SEGHERS

## ORDER

Defendant Dreux A. Seghers (Seghers) filed an [10] Answer to the [2] Amended Complaint. A separate [11] Motion to Dismiss was docketed because of the title of Seghers's answer, which includes the words "Motion for Dismissal." Upon due consideration, this request for relief is not well taken and Seghers (along with this cause of action) shall proceed accordingly.

Seghers's [10] Answer contains general denials and asserts affirmative defenses not unlike those found in the vast majority of Hurricane Katrina cases. The last paragraph merely "demand[s] that all claims against [Seghers] be dismissed, with prejudice . . . ." This Court is governed by the standard that enough facts must be stated to support a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U. S. 544 (2007). As applied in this case, Plaintiffs have satisfied this standard.

Seghers's [18] Supplemental Memorandum in support of his [11] Motion to Dismiss (which the Court treats as a reply to Plaintiffs' [12] Response) is of no avail to him. Relying primarily on *Bass v. California Life Insurance Co.*, 581 So. 2d 1087 (Miss. 1991), this Court has also recognized on several occasions a plaintiff's ability to pursue a cause of action against an independent engineer conducting an investigation on behalf of an insurance company arising from a Hurricane Katrina claim, although the applicable burden of establishing liability is different. This basic principle was recently recognized in *Fonte v. Audubon Insurance Co.*, 2009 WL 468584 (Miss. 2009) (citing *Bass*).

There are also insufficient facts on which the Court can make a decision on the statute of limitations issue raised by Seghers, and proof on that issue must be developed in the record. He cites no authority in this regard, and determination of this question will not be based on differing accounts Seghers may have received (as alluded to in his [18] Supplemental Memorandum). The Court will also deny Seghers any relief with respect to allegations of fraud, especially given the fact that Plaintiffs' [28] Motion to Amend Complaint to be allowed a Second Amended Complaint is pending (and will be ruled upon by the United States Magistrate Judge). As to matters involving fraud, Plaintiffs must be guided by Fed. R. Civ. P. 9(b).

The Court notes that Seghers is proceeding *pro se*. That fact does not relieve him from at all times complying with the Uniform Local Rules of this Court and, more important, the Federal Rules of Civil Procedure. That includes Seghers's filing a response to the pending [28] Motion to Amend Complaint in accordance with the Local Rules (as in all cases, failure to do so shall result in the relief being granted), and also abiding by all provisions of the [29] Order for Mediation.

Whether Plaintiffs' claims eventually pass muster as to each Defendant is not before the Court. For present purposes, those claims against Seghers are not subject to dismissal at this point.

Accordingly, **IT IS ORDERED**:

Seghers's [11] Motion to Dismiss is **DENIED**;

**SO ORDERED** this the 26th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE